the trial, or when questions arise upon the trial for review as to one of them only. Then the legal controversy may proceed as to the one defendant, although, as between the plaintiff and the other defendant, final judgment has been entered. No reason, therefore, appears for denial to the plaintiff of the right to review the recovery by the defendant railroad company against him.

It follows that the judgment against the defendant brewing company should be affirmed, and that the judgment recovered by the defendant railroad company should be reversed, and a new trial granted as to that defendant; costs to abide the event. All concur.

(19 Misc. Rep. 180.)

## GRAFSTROM v. FROST COUNCIL, NO. 21, ORDER OF CHOSEN FRIENDS.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

BENEFICIAL ASSOCIATIONS—MEMBER'S RIGHT TO BENEFITS—RETROACTIVE BY-LAWS.

An amendment of the by-laws cannot make past acts of a member a bar to the right to benefits, though the constitution reserves to the association the right to amend its by-laws, since such an amendment is not reasonable.

Appeal from Fourth district court.

Action by Olivia A. Grafstrom against Frost Council, No. 21. Order of Chosen Friends, to recover sick benefits alleged to be due. on application, under the contract of membership. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Francis F. Leman, for appellant.

Howard H. Moore and William C. Findlay, for respondent.

BISCHOFF, J. Conceding the plaintiff's membership, good standing, and disabled condition, the defendant resisted liability for the sick benefit in question upon an alleged amendment of its by-laws, the written expression of whatever contract existed between the parties, whereby it was claimed that the plaintiff was precluded from a right to the payment through her election to apply for a "permanent disability" benefit from the supreme council, to which order the defendant lodge was subordinate. Upon this appeal the defendant suggests other grounds of defense, which, it is said, might support the judgment as rendered; but all matters of defense other than the one above noted are found to have been unpresented by the record, through failure of proof, or of both pleading and proof. But one issue was litigated,—the effect of this amended by-law upon the plaintiff's claim, as fully supported by the terms of the contract, unless found to have been modified agreeably to the defendant's contention; and our province is to review the case, not to retry it. Disabled as she was, the plaintiff was entitled to sick benefits, under the contract as it stood at the time of her first application, at the rate of $5 per week for 10 weeks, and the renewals of such relief, upon applications based upon continued incapacity, for further periods of 10 weeks, not to exceed, all told, 40 weeks during 2 years. Her first application was made November 6, 1893, and granted, the

appropriate payment being made by defendant.  Still incapable of her own support, she applied for another ten-weeks benefit on May 1, 1894, and successfully again; but upon her making a further application, on January 18, 1895, it was denied for the reason that between the dates of the second and third applications (that is, between May, 1894, and January, 1896) the by-laws had been amended so as to provide that "a member who has applied for disability to be paid by the supreme council, whether the same is granted, or by member received, is no longer entitled to any sick benefit from this council's general fund."  The plaintiff had made application to the supreme council for a "disability" benefit, on account of this same injury, on four occasions, as appears from the application forms in evidence, signed by her as applicant, the dates of such applications being February 8, 1894; March 17, 1894; June 1, 1895; and June 1, 1896.  All those prior to that of June, 1896, were unsuccessful, being either denied or left undecided; but the result of any such application is not material to the question before us,—the fact that an application was made, and its date, alone having pertinence to the injury.

The right to amend its by-laws being reserved to the defendant by its contract with the plaintiff, any amendment, if reasonably for the furtherance of the interests of all the members, and for the better accomplishment of the objects of the association, should, it seems, be given support, notwithstanding that in an individual case a reduction of benefits might result.  Poultney v. Bachman, 31 Hun, 49.  The amended by-law under consideration did not reduce the sums for benefits payable by the defendant, but made the right to any benefits conditional upon the beneficiary's abandonment of any claim upon the supreme council for benefits of a different nature. This may have been a reasonable requirement, in view of the object of this association, which was to give temporary assistance to its members when temporarily unable to provide for themselves, or to secure to them a gross sum, in the nature of insurance, when permanently disabled.  It may, as we say, have been reasonable to require an election by the member between these two forms of relief, but at the time when the plaintiff made her first application for a "permanent disability" benefit (February 8, 1894) there was nothing in the by-laws calling upon her to make such an election.  At that time she was apparently entitled to both forms of relief, or at all events to temporary relief until some permanent benefit was granted, and her act in applying for this permanent relief in no way implied an abandonment of her claims upon the defendant.  As we gather, the application itself was very much in the nature of an experiment; at least, from the plaintiff's experience, it was not an "open sesame" to the fund.  The mere act of so making application not being inconsistent with the plaintiff's claim against the defendant for the temporary benefits accruing under the contract as it originally stood, that act must, to support defense, be shown to have contravened the amendment to the by-laws relied upon by the defendant; but we cannot say that it did, since the date when such amendment became binding upon the plaintiff does not appear from the return. It is admitted of record that the amendment was in force at the

time of the plaintiff's application (January 18, 1895) to this defendant for the sick benefits which constitute the claim in suit, and that it was enacted between May 1, 1894, and the above date, but there is no further particularity as to this. The amendment itself, as placed in evidence, bears no date, except that upon the back of the paper appears a note that it was received by a certain committee on August 4, 1894. The enactment itself, however, provided that it should take effect only from the time of its adoption by the supreme council and the defendant association, and the date of that adoption is a matter of pure conjecture. For all that appears, then, the plaintiff's applications to the supreme council for a permanent benefit, made prior to the date of her sick-benefit application to the defendant on January 18. 1895, were in contravention of no law of the defendant; and, her right to the sick benefits having otherwise fully accrued at that date, the refusal to pay, based upon the by-law noted, was not shown by the proofs to have been justified. If it be claimed that this by-law was retroactive, and made the plaintiff's past application for permanent benefits a bar to her right to demand benefits from the defendant, then it may only be said that so far the by-law was unreasonable, and so inoperative. Coyle v. Society, 17 N. Y. Wkly. Dig. 17. The right reserved by the association to make by-laws intends only a right to make reasonable by-laws. Weiler v. Aid Union, 92 Hun, 280, 36 N. Y. Supp. 734. And the member's assent to the association's retaining the right to amend the by-laws does not reasonably import an assent to a law whereby, from some past action of the member, unimportant at the time, a discharge of the association from its obligations under the contract resulted. Were such the nature of the agreement, the member's rights, which might have fully accrued, and for the enjoyment of which regular payments have been made, could practically, in every case, be observed or repudiated at the will of the association, and the functions of a benefit society need be exercised only as a matter of charity. From this method of adjusting the contract, benefit might accrue to some persons connected with the transaction, but certainly not to the beneficiary. It may be that upon a new trial the defendant may establish its defense by proof that the plaintiff applied to the supreme council for permanent benefits intermediate the dates of the amendment and the application for sick benefits, which was denied upon the strength of the amendment, but upon the present record we can but hold such defense to have failed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.